UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-00332-PPS-CAN |
| | ) | |
| JOHNATHAN BRENNEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Malibu Media seeks a default judgment against Defendant Johnathan

Brenneman claiming that Brenneman used a peer-to-peer file sharing network to distribute

Malibu's copyrighted movies [DE 15]. Because Brenneman has failed to appear, plead, or

otherwise defend as provided by the Federal Rules of Civil Procedure, Plaintiff's Motion for

Default Judgment is **GRANTED IN PART** and **DENIED IN PART** .

## BACKGROUND

In its Amended Complaint, Malibu Media alleges Brenneman infringed its copyrights

when he disseminated without authorization all or portions of eleven copyrighted movies using

BitTorrent, a peer-to-peer file sharing protocol.

On April 19, 2013, Malibu Media filed its initial complaint against a Doe defendant

associated with a certain IP address [DE 1]. In response to a third party subpoena, Brenneman's

Internet Service Provider disclosed that Brenneman was the person associated with the offending

IP address. Malibu filed its amended complaint naming Brenneman as the Defendant on July 8,

2013 [DE 9]. Brenneman was served via personal service on July 26, 2013, and has not

responded to the suit [DE 11]. The Clerk entered default on August 29, 2013 [DE 14], and

Malibu Media moved for default judgment on September 26, 2013 [DE 15].

## DISCUSSION

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. However, the Court must exercise sound judicial discretion in entering default. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

Malibu Media's counsel stated in a sworn declaration that Brenneman is not a minor, incompetent, or in active duty military service [DE 16-1]. Since minors often access the internet and could have downloaded and distributed the movies, I usually require more than counsel's assurances that the Defendant is not a minor. Here we also have the return of service filed by the process server. In the return, the server affirms that she personally served Mr. Brenneman at his address in Elkhart, Indiana, and describes Mr. Brenneman as a thirty-eight-year-old man [DE 11 at 1]. Further, this is not a case where the alleged infringer is identified only through an online screen name, where the risk that a minor could have been the offender is highest. Brenneman was identified because he was the account holder for the Comcast account associated with the offending IP address.

The grounds for default are plainly established. First, the default goes beyond a mere

technicality, as Brenneman has not filed an answer or any responsive pleadings since the complaint against him was filed on July 8, 2013. The defendant cannot be allowed to completely ignore this suit. *See In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, few material issues of facts are in dispute in here. In order for Malibu Media to establish the prima facie case of direct copyright infringement, it must satisfy two requirements: (1) it must show ownership of the allegedly infringed material; and (2) it must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders. 17 U.S.C. §§ 106, 501(a). Here, Malibu has pled that it owned the copyrighted materials specified in Exhibit A [DE 16-2] and that Brenneman violated its exclusive right to distribute the copyrighted works to the public by downloading and distributing them via BitTorrent, an online media distribution system. Therefore, the facts as stated in the complaint establish direct copyright infringement by the Defendant.

Finally, Malibu Media is entitled to most of the damages it requests. Malibu requests statutory damages of $2,250.00 for each copyright violation for a total of $24,750.00. It seeks a permanent injunction barring Brenneman from continuing to infringe its copyrighted works and ordering that he delete any infringing copies. It also requests an award of attorneys' fees and costs. While the requests for the injunction and attorneys' fees are reasonable and proper, I find the amount of statutory damages requested excessive. As I will explain below, I have reduced the statutory damages to a more reasonable award of $1500.00 per work.

The Copyright Act provides for both monetary and injunctive relief. First, it provides

3

that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and

any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as

provided by subsection (c)." *Id*. at § 504(a). Under § 504(c), the copyright owner may choose to

recover statutory damages in lieu of actual damages any time prior to the entry of final judgment.

Statutory damages are described as follows:

> statutory damages for all infringements involved in the action, with
> respect to any one work, for which any one infringer is liable
> individually, or for which any two or more infringers are liable
> jointly and severally, in a sum of not less than $750 or more than
> $30,000 as the court considers just. For the purposes of this
> subsection, all the parts of a compilation or derivative work constitute
> one work.

*Id*. at § 504 (c). Second, § 502 authorizes the court to grant temporary and final injunctions on

such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id*. at

§ 502. Finally, the Court has discretion to award costs and fees to the prevailing party. *Id*. at §

505.

Malibu Media requests statutory damages of $2,250.00 per copyrighted work, three times

the minimum statutory damages of $750 per work, for a total award of $24,750.00. Awards of

statutory damages "between the minimum and maximum statutory limits for copyright

infringement damages [are] wholly within the trial court's discretion and sense of justice."

*Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, No. 90 c 4938, 1991 WL 34713 at *5

(N.D. Ill. Mar. 13, 1991) (internal quotations omitted). Plaintiff's actual damages from

Brenneman's online distribution of its films are likely minimal as Brenneman was merely one

participant in a group of users sharing bits and pieces of Malibu's works [DE 9 at 3-4] and there

are no special circumstances regarding the availability of Malibu's films that Brenneman's

4

activity interfered with. *Universal City Studios Productions, LLLP v. Franklin*, No. 2:06 cv 136, 2007 WL 1042146 at *4 (N.D. Ind. April 5, 2007) (awarding statutory damages of $3000 per work because the pirated work had not yet been released to the public on DVD). Moreover, I am troubled, as are other courts around the country, by the rise of so-called "copyright trolls" in the adult film industry, meaning copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements. *See, e.g. Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 189-90 (D. Mass. 2012); James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86 (2012). Although I do not believe that Malibu Media has in fact engaged in any disreputable practices in this litigation, the existence of this trend informs my consideration of Malibu Media's request for damages.

Statutory damages are intended to discourage infringement in addition to compensating copyright holders. *F.E.L. Publications, LTD v. Catholic Bishops of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). However, the deterrent aspect of statutory damages should not be turned into a windfall where, as here, the Plaintiff has suffered only minimal damages. *Doehrer v. Caldwell*, 79 C 394, 1980 WL 1158 at *2 (7th Cir. March 28, 1980). I find damages of $1500.00 per work will suffice to compensate Plaintiff and deter future infringement. Accordingly, an award of $16,500.00 is appropriate.

In addition, Malibu Media requests a permanent injunction barring Brenneman from continuing to infringe any of its copyrighted works and to delete the infringing copies of its work that he still has. Specifically, Plaintiff requests an injunction:

(A)     Permanently enjoining Defendant and all other persons who
        are in active concert or participation with Defendant from
        continuing to infringe Plaintiff's copyrighted Works

(B)     Ordering that Defendant delete and permanently remove the
        digital media files relating to Plaintiff's Works from each of
        the computers under such Defendant's possession, custody or
        control; and

(C)     Ordering that Defendant delete and permanently remove the
        infringing copies of the Works Defendant has on the
        computers under Defendant's possession, custody or control

[DE 16 at 10].

Section 502 of the Copyright Act authorizes the court to grant temporary and final

injunctions on such terms as it may deem reasonable to prevent or restrain infringement of

copyright. In cases of unlawful downloads, injunctive relief may be "appropriate to ensure that

the misconduct does not recur as soon as the case ends." *BMG Music v. Gonzalez*, 430 F.3d 888,

893 (7th Cir. 2005). Injunctions can also include directing the destruction of all copies of

infringed works in a defendant's custody and control. *Virgin Records Am., Inc. v. Johnson*, 441

F. Supp. 2d 963, 966 (N.D. Ind. 2006). Given Malibu Media's allegations that the Brenneman

will continue violating its copyrights unless enjoined from doing so and Brenneman's failure to

respond to the complaint, I find that a permanent injunction is proper.

Finally, Malibu Media requests an award of attorneys' fees and costs as allowed under §

505. Specifically, Plaintiff requests an award of $2,550.00 in attorneys' fees and $445.00 in

costs for a total of $2,995.00. The assessment of fees and costs under this section "is as much to

penalize the losing party as to compensate the prevailing party" and "is a matter within the

Court's discretion." *Weintraub*, 1991 WL 34713 at *5. In this case, Brenneman distributed

eleven of Plaintiff's works in clear violation of its rights and completely failed to respond in any

way to this lawsuit.  Plaintiff's counsel has submitted an affidavit itemizing the time he spent on

this case [DE 16-1], and that amount is entirely reasonable.  So the request of $2,995.00 in total

costs is approved.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment [DE 15] is hereby

**GRANTED IN PART** and **DENIED IN PART**; the Court orders the following relief:

1.      Statutory damages in the amount of $16,500.00 for the eleven infringements

alleged in the complaint pursuant to the Section 504 of the Copyright Act ($1500.00 for each

infringement);

2.       A permanent injunction as follows:

> Defendant and all other persons who are in active concert or participation with Defendant are permanently enjoined from continuing to infringe Plaintiff's copyrighted Works.

> Defendant is ordered to delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under his possession, custody or control.

> Defendant is ordered to delete and permanently remove the infringing copies of the Works Defendant has on the computers under Defendant's possession, custody or control

3.      Attorneys' fees pursuant to Section 505 of the Copyright Act in the amount of

$2,995.00.

The Clerk is directed to enter **FINAL JUDGMENT** stating that the Plaintiffs are entitled

to the relief stated herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

7

**SO ORDERED.**

ENTERED: December 13, 2013

s/ Philip P. Simon
PHILLIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
